IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:10-CR-14-1BO

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CAURICE RODGERS ) | |
| ) | |

This matter is before the Court on Defendant's MOTION to Dismiss on a Speedy Trial Violation (DE # 31). The Motion is DENIED.

## FACTS

On June 2, 2010, a grand jury charged Defendant in a one count indictment with distribution of more than five (5) grams of cocaine. On August 4, 2010, the United States arrested the Defendant, who was currently serving a sentence on other charges in the state of Maryland.

The Defendant made his initial appearance on August 18, 2010. At that time, the Court appointed the Defendant counsel from the Federal Public Defender's Office. On August 25, 2010, Sherri R. Alspaugh of the Federal Public Defender's Office filed a notice of appearance as counsel for the defendant.

On September 1, 2010, citing a conflict of interest, Defendant's appointed counsel filed a motion to withdraw as counsel. (DE # 15). On September 3, 2010, the Court issued an Order granting the request, and also continued the Defendant's arraignment until the Court's November 2010 term. The Order makes clear "that any delay that results from this continuance is excluded

1

from the Speedy Trial Act computation..."(DE # 16). Defendant's current counsel, H.P. Williams, Williams, subsequently filed a notice of appearance on September 9, 2010 (DE # 17).

On November 22, 2010, the United States filed a motion to continue, in which the Defendant both consented and joined (DE # 20). This Court granted the motion on November 24, 2010 and again excluded any delay caused by the continuance from Speedy Trial computations (DE # 21).

Upon the Defendant's request, this Court granted a third continuance on January 10, 2010 until the Court's March 2011 term. Again, the Order excluded any delay caused by the continuance from Speedy Trial computations (DE # 29).

On March 1, 2011, Defendant filed a motion to dismiss the original indictment under the Speedy Trial Act, claiming that:"More than seventy (70) days passed from the notice of appearance filed by the undersigned on September 9, 2010 and the signing of the order to continue and exclude time on November 22, 2010."(See DE# 31 at 2).

## DISCUSSION

The Defendant has not shown that his right to a speedy trial has been violated.

The Speedy Trial Act requires a defendant to be brought to trial within seventy (70) days of either the filing of the indictment or the defendant's first appearance before a Judicial Officer of the Court in which the charge is pending, whichever occurs last. 18 U.S.C. § 3161(c)(1). The Act allows certain time to be excluded from this calculation. Relevant to this case,"Any period of delay resulting from a continuance granted by any judge" is excluded "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."18 U.S.C. 3161(h)(7)(A).

2

The Defendant argues that the Speedy Trial clock tolled because of the time that passed from his counsel's appearance on September 9, 2010, until the time that this Court granted a continuance on November 24, 2010. However, the Defendant's Motion completely ignores the continuance that the Court ordered on September 3, 2010. (DE # 16).

The September 3, 2010 Order granted the withdrawal of Defendant's first attorney and continued the Defendant's arraignment until the Court's November 2010 term. The Order states, "that any delay that results from this continuance is excluded from the Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(7)(A) for the reason that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial." (D.E. 16). Thus the entire period during which Defendant claims the Speedy Trial clock tolled (September 9, 2010 to November 22, 2010) is excluded from the Speedy Trial computation.

Defendant first appeared before a judicial officer on August 18, 2010, and the Court first continued the case 17 days later on September 3, 2010. The case has since then been continued twice more. Thus, only 17 days have tolled against the Defendant's right to a speedy trial.[1] Therefore, Defendant's right to a speedy trial has not been violated.

## CONCLUSION

The Defendant's Motion to Dismiss is DENIED.

SO ORDERED, this _11_ day of March, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Defendant states the time begun to run at the date of his current attorney's first appearance on September 9, 2010. (instead of Defendant's first appearance before a judicial officer on August 18, 2010). Thus, using Defendant's reasoning, zero days have tolled against the Defendant's right to a speedy trial.

3